Curia, per Richardson, J.
By virtue of the Circuit Court judgment and fi.fa. in favor of Blair & Alexander, they bad a general lien upon the horse of J. C. Black. The defendant, Horseby, was a constable, and had notice of this lien; but, be sold the horse at bis own sales, under a justice’s execution of posterior date. And the question is — have Blair & Alexander a legal right to recover the proceeds of the sale ?
Inasmuch as there bad been no actual levy of the horse, under the execution of Blair & Alexander, it may be questionable whether the sale of the horse was not valid. The case of Kerr vs. Montgomery, 1 Hill, 277, makes the sale of the constable void, where there bad been a levy under the Circuit Court execution. And the case of Paysinger vs. Shumpard, 1 Bail. 237, exempts from personal liability the purchaser of property from the defendant himself, where there was no more than the general lien of a fi.fa.
Supposing the proper rule to be either for or against the validity of the constable’s sale; in such a case, it seems just and reasonable that the officer who has received the proceeds of the sale, with notice of the lien of the execution creditor, must bold the money subject to bis rights. If the sheriff bad sold the horse under a junior fi. fa., there could be no doubt of bis liability to a senior execution creditor. The money would belong to him, and the sale would be good to the purchaser. And another officer, having notice of the prior lien, would seem to'be within the same rule.
The motion is therefore refused.
Butler, J.
From the view which I have taken of this case, I cannot agree with a majority of my brethren. The plaintiff’s right to make the specific property liable to bis execution is undeniable, and can be exercised without prejudice to others. To bold that be may waive this right, and recover the proceeds of property sold by the constable, would, to say the least of it, lead to great and unnecessary confusion, and cannot be reconciled to the general principles of the law. Suppose this case — that there are, in the sheriff’s office, executions of different dates, or of the same date, which plaintiff shall have the power to elect, and recover the money in the bands of the constable ? Shall the senior creditor have this *359 power alone ? If so, be is made the exclusive judge of the liens of others, without their option or control. For the moment he brings his action, according to the principle advanced, he determines all the claims of the others, under their executions. They are deprived of all right to enforce their liens. Or, if they are not, they will have the double remedy of taking their share of the money, if there should be a balance after paying the oldest execution, and still 'pursuing the property. Should there be no balance, after the application of the senior creditor, the junior creditor might well say, “ I am not satisfied that the property has brought as much as it would have done at sheriff’s sale, where there is a greater competition of bidders; and although you have thought proper to take the money in the constable’s hands, which is enough to satisfy your case, I am not: I have a right to have my- execution enforced by the sheriff, in the way prescribed and contemplated by the law, and the directions of the execution itself: or I have a right to compel you to do so.” If the senior execution creditor has exclusively the right to decide on the matter, he may very well save himself, whilst he compromises the rights of’others. To illustrate the case: suppose that a horse worth five hundred dollars should be sold by a constable for fifty dollars, and that a creditor, with the oldest execution in the sheriff’s office, should make his election and apply twenty-five dollars to the payment of a balance to that amount due on his execution; must the junior creditor be compelled to take the remaining twenty-five dollars, and forego his right of selling the horse for five hundred dollars, under this execution, by which he could have got four hundred and-seventy-five dollars instead of twenty-five dollars? If it should happen, as might be the case, that the election should be made from interest to defeat the junior execution, it would frequently be done.
I am very far from supposing that the question has been decided by the cases quoted — Robertson vs. Cooper, and Kerr vs. Montgomery. The real question involved, and the only one decided in these cases was, that the property secured by execution in the sheriff’s office could not be transferred by constable’s sale. Beyond this, there is no authoritative decision of the Court. Mr. Justice O’Neall, who delivered the opinion in one. of the cases, throws out a suggestion that *360 proves the proposition.now contended for, but which cannot be obligatory either on himself or on the Court. The case of Shumpard vs. Paysinger, 1 Bail. 237, was decided on the principle I now contend for. The decision is, that one selling property of the defendant in execution, subject to the lien of a fi. fa. in the sheriff’s office, is not liable to the plaintiff in execution for the proceeds. The defendant sold cotton, and applied the proceeds in payment of his own debt. The general lien by fi. fa. could not take the proceeds, but was held to be enforcible alone on the cotton itself. The lien by execution is general, and very distinguishable from the lien of mortgage, which is specific; and this distinction will be found important in deciding questions under them.
I concur — Josiah J. Evans.